[S. F. No. 15519. In Bank.—April 20, 1936.]

ALFRED L. BRANCH, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Alfred L. Branch, *in pro. per.*, for Petitioner.

Philbrick McCoy for Respondent.

CONREY, J.—In a proceeding before The State Bar of California, petitioner was charged with violation of his oath and duties as an attorney at law, in a certain transaction whereby he misappropriated money received from a client in connection with a proposed divorce action. A hearing was had before local administrative committee No. 3 of San Francisco, which submitted findings and recommendation that petitioner's license be suspended for a period of six months. Thereafter, upon consideration of the case, the Board of Governors of The State Bar adopted the findings of the local committee, but recommended a three-year period of suspension.

In addition to a finding against petitioner on the principal charge, the committee found that on a prior occasion in the

year 1931 petitioner had wrongfully converted to his own use the sum of $56.10 advanced to him by a client for costs and legal services and that petitioner had been guilty of two similar offenses in the year 1933, each involving the sum of $20; that in said incident of the year 1931 petitioner had been disciplined by private reprimand.

In petitioner's application for review by this court of the action of the Board of Governors, he does not attack the findings of the board in the principal case nor its findings with relation to misappropriation in 1931 of said sum of $56.10. His sole contention, that of insufficiency of the evidence, is confined to the claim that the evidence is insufficient to support the findings with reference to alleged misappropriation of the sum of $20 in each of two instances in the year 1933.

Even if it might be assumed or found that the evidence was not sufficient to sustain the findings of the committee respecting said two $20 items, there remains enough of an undisputed record of misconduct to justify the recommendation of the Board of Governors. Apparently petitioner has succeeded in avoiding more severe penalties by pleading that he is a victim of the "demon rum" and that but for this misfortune he would not be guilty of misappropriating the money of his clients. This particular variety of appeal to sympathy has helped many a man out of a bad hole. But it now appears to be somewhat outdated. When a woman in search of a lawyer sees a name on a door, with the words "Attorney and counsellor at law", she is entitled to assume that the attorney who occupies that office will perform his duties in accordance with his professional responsibility, and will not waste her money to satisfy his thirst as a common drunkard. We are satisfied that the recommendation of the Board of Governors in this case is not too severe.

It is therefore ordered that petitioner herein, Alfred L. Branch, be and he is hereby suspended from the practice of law in this state for the period of three years from and after the date of filing of this order.

Langdon, J., Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.